IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| REGINALD CANNON | § | |
| v. | § | CIVIL ACTION NO. 6:17cv144 |
| OFFICER DEWBERRY | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Reginald Cannon, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named Defendant is Officer Regina Dewberry.

**I. Background**

According to Cannon's pleadings and attached grievances, he arrived at the Beto Unit on June 16, 2015. He told Officers Black and Dewberry that he had lifting restrictions and asked for a cart to transport his property, but they refused. Cannon contended that the officers could have made a phone call and verified his restrictions, but they did not. The elevator was broken, so Cannon stated that he had to carry his property downstairs himself. Cannon's pleadings did not allege how much property he had or whether it weighed over 25 pounds, the amount Cannon said was specified in his restrictions. The Magistrate Judge set out Cannon's pleadings verbatim in the Report, including copies of exhibits which Cannon attached to his complaint.

Officer Dewberry was ordered to answer the lawsuit and filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss. This motion argued that she is entitled to qualified immunity because her

1

conduct in opting to take the stairs when the elevator was broken was reasonable and not sufficiently serious so as to amount to an Eighth Amendment violation, nor did it run counter to evolving standards of decency. She maintained that Cannon did not verbalize his restrictions to her, nor did he show that she actually inferred he would be harmed.

In this regard, Officer Dewberry maintained that while Cannon alleged she knew or should have known that forcing him to carry his property would cause further damage to his medical condition, that she "had fair warning to accommodate plaintiff," and that she was aware of facts from which the inference could be drawn that the substantial risk of serious harm existed and she drew the inference, he offered no tangible facts to support any of these allegations. Dewberry asserted that deliberate indifference does not arise from a mere failure to act reasonably, and that Cannon's omission of any facts establishing an actual inference is fatal to his claim because he has at best pleaded a negligence claim.

Officer Dewberry further argued that Cannon failed to state a claim with regard to retaliation because he did not offer any direct evidence of retaliation nor show that but for the alleged retaliatory motive, the incident would not have occurred.

In his response to the motion to dismiss, Cannon contended that he stated a constitutional claim as well as a claim under the Americans with Disabilities Act and argued that intent to punish could be inferred from an official's decision to expose a prisoner to an unconstitutional condition or restriction. He further averred that he needed discovery to develop the facts of his claims, including "why it is a common custom to ignore prisoners' medical restrictions" as well as who was responsible for repairing the elevator.

## II. The Report of the Magistrate Judge

After review of the pleadings and attached exhibits, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted. After setting out the standards applicable to motions to dismiss, the Magistrate Judge looked to the Northern District of Texas case of *Thomas v. Flanagan*, civil action no. 2:05cv112, 2005 U.S. Dist. LEXIS 26781, 2005 WL 2977578

(N.D.Tex., November 7, 2005). In that case, the prisoner, Thomas, claimed that the officer, Flanagan, was deliberately indifferent to his serious medical needs by ordering him to move his own property down a flight of stairs to a new cell despite the fact that Thomas had just been diagnosed with an injured ankle, issued crutches, and given restrictions against climbing, requiring that he be assigned to a bottom bunk in a cell on the bottom floor.

Thomas fell down the stairs trying to carry one of his bags and when he asked for medical care, Flanagan told him to stop faking and advised other officers that Thomas was not hurt. Thomas was nonetheless taken to the infirmary where he was received X-rays and was diagnosed with a large bruise on his right lower back, swelling, difficulty standing, strain, and a sprain. He subsequently suffered back spasms, bleeding kidneys, and blood in his stool. As the Magistrate Judge stated, the Northern District of Texas determined that Thomas' allegations amounted to no more than negligence and did not rise to the level of deliberate indifference, and dismissed the lawsuit.

In the present case, the Magistrate Judge stated that Cannon had just arrived on the unit that same day and offered nothing to show that Officer Dewberry was aware of the restrictions appearing on Cannon's Health Summary for Classification form. While Cannon argued that Dewberry should have been aware of these restrictions and could have made a phone call to verify them, the Magistrate Judge cited *Farmer v. Brennan*, 511 U.S. 825, 838, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) as saying that an official's failure to alleviate a significant risk which he should have perceived but did not was not cruel and unusual punishment.

The Magistrate Judge also stated that Cannon did not offer any specific facts showing he suffered injury as a result of carrying his property down the stairs. Although Cannon asserted that he "has increasingly suffered restricted spinal and body motion as a result of defendants' lack of ordinary care to ensure that the premises under defendants' control did not present a danger to plaintiff," the Magistrate Judge concluded that this was simply a naked assertion of harm devoid of

further factual enhancement which in any event alleged no more than a lack of ordinary care, which is a claim of negligence and not deliberate indifference.

Similarly, Cannon contended that "the acts and/or omissions of defendant shock the conscience and are deeply repugnant to the dignity of humankind" and that her conduct "was accomplished by ill-will or spite or was done for the purpose of injuring plaintiff," but the Magistrate Judge determined that these allegations consisted of no more than threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, which are insufficient to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Magistrate Judge, citing *Borninski v. Williamson*, civil action no. 3:02cv1014, 2005 U.S. Dist. LEXIS 9401, 2005 WL 7984287 (N.D.Tex., May 17, 2005), observed that Cannon's pleadings are "replete with legal jargon," but that his formulaic and threadbare recitals of the elements of a cause of action did not rise the level of a constitutional claim and could not survive a motion to dismiss.

After stating that Cannon failed to show Officer Dewberry's conduct was shocking to the conscience, the Magistrate Judge determined that Cannon's pleadings failed to set out a retaliation claim because he offered nothing more than personal beliefs and conclusory allegations in support of this claim. The Magistrate Judge also stated that Cannon did not state a claim under the Americans with Disabilities Act because he offered no facts suggesting that he was discriminated against because of his disability. Furthermore, the Magistrate Judge observed that Cannon's request for injunctive relief was moot as well as outside of Officer Dewberry's power to provide, and Cannon failed to show intentional discrimination so as to get monetary damages under the ADA. Finally, the Magistrate Judge determined that Officer Dewberry was entitled to qualified and Eleventh Amendment immunity and that Cannon failed to show he was entitled to discovery.

**III. Cannon's Objections**

In his objections, Cannon asserts that he has "pled facts of severe official misconduct, not the mere than an [sic] unadorned, the-defendant-unlawfully-harmed-me accusation." He contends

that the Magistrate Judge "is not acknowledging established law and a prisoner's right to humane treatment, not conditions of confinement. Arbitrary treatment that negates an official's duty to provide care that is humane and not inflicting pain and suffering. This duty is imposed by federal law and this circuit has held that duty is mandatory under 18 U.S.C. §4042."[1]

Cannon argues that prison officials "have a duty under federal law to protect an inmate from unnecessary and unwarranted risk of serious harm and no person should be expected to place themselves in danger of irreparable injury, i.e. spinal injuries." He states that it is "accepted practice and within the common knowledge of this Court that spinal and back injuries are a significant injury to trigger the Eighth Amendment evaluation based on evolving standards of decency." Cannon claims that his previous spinal injury and resulting deterioration of his overall physical condition is "a serious medical need that cannot be ignored or disregarded by medical personnel," but he does not name any medical personnel as defendants in this lawsuit.

Along these lines, Cannon asserts that a reasonable prison official would have known that ordering a disabled person with a previous spinal injury to carry over 60 pounds of property down the stairs amounts to "serious official misconduct." These objections are the first time Cannon has indicated how much his property weighed. In any event, Cannon offers nothing to show Officer Dewberry knew he was a "disabled person" or that he had a previous spinal injury. While Cannon claims Dewberry should have made a phone call to verify his lifting restrictions, the Magistrate Judge correctly concluded that the failure to do so could amount to negligence or a lack of due care but did not rise to the level of deliberate indifference. This objection is without merit.

The Magistrate Judge's Report stated that non-functioning elevators are a circumstance familiar to most free world persons who live and work in buildings containing elevators, so having to use the stairs is not an action shocking to the conscience. Cannon asserts that people in the free world are not forced to carry their property downstairs when they have carrying restrictions but hire

---

[1] This statute concerns the duties of the Federal Bureau of Prisons and thus does not apply to Cannon, who is a prisoner of the State of Texas.

5

people to do so. Cannon's argument fails to show that the fact he carried his property downstairs on one occasion was shocking to the conscience. This objection is without merit.

Cannon next quotes from the Americans with Disabilities Act as saying that society has tended to isolate and segregate individuals with disabilities and that discrimination against the disabled persists. He asserts that "discrimination is still an issue at the Beto Unit," which he claims the Court can infer from the complaint; however, Cannon is no longer at the Beto Unit and makes no showing that he is likely to return there.

Cannon then goes on to state that according to an Inter-Office Communication from the Director of Operations at the Beto Unit, maximum cooperation is required between UTMB [the medical department] and the security department to assure effective management of special needs offenders, including the physically disabled, a category into which he says that he "squarely falls."

According to Cannon, this inter-office communication provides that these offenders' special needs are to be taken into consideration when making decisions involving housing assignments, job assignments, and program assignments, among others. Consequently, he asserts that Dewberry was deliberately indifferent to his "constitutional right to equal access to facility locations" in that according to a TDCJ institutional memorandum, operational staff is supposed to provide assistance to special needs offenders as required on request. He further maintains that under this memorandum, operational staff are not qualified to evaluate the severity of an inmate's disability or functional limitations, but refer such questions to the unit's medical staff.

The Magistrate Judge correctly determined that Cannon's allegations concerning the Americans with Disabilities Act were no more than a threadbare recital of the elements of a cause of action. Cannon offered no facts to suggest that Officer Dewberry discriminated against him "because of his disability," as is required for a claim under the ADA. *Tuft v. Texas*, 410 F.App'x 770, 2011 U.S. App. LEXIS 434, 2011 WL 72198 (5th Cir., Jan. 7, 2011), citing *Lightbourn v. County of El Paso, Texas*, 118 F.3d 421, 428 (5th Cir.1997). Cannon offers nothing to show that Officer Dewberry ordered him to use the stairs because he was disabled, rather than because the

6

elevator was broken. *See Davidson v. Texas Department of Criminal Justice*, 91 F.App'x 963, 2004 U.S. App. LEXIS 5180, 2004 WL 542206 (5th Cir., March 19, 2004) (no ADA violation where plaintiff "has not alleged or shown that he was adversely treated solely because of his handicap.") The TDCJ operations manuals do not give rise to liability under the Americans with Disabilities Act or 42 U.S.C. §1983.

Furthermore, Cannon's claim against Officer Dewberry in her personal capacity lacks merit under the Americans with Disabilities Act because he cannot sue individual defendants under the Act. 42 U.S.C. §12132; *see also Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) (no individual liability under the Rehabilitation Act, which provides a remedial framework similar to that of the Americans with Disabilities Act); *accord*, *Garcia v. State University of New York Health Sciences Center*, 280 F.3d 98, 107 (2nd Cir. 2001) (individual defendants are not personally liable for discrimination under the ADA); *Shaw v. TDCJ-CID*, 540 F.Supp.2d 834, 838 (S.D.Tex. 2008) (ADA does not permit suit for monetary damages or injunctive relief against individual defendants in their individual capacities). Cannon's objections in this regard are without merit.

Although Cannon asserts that he had "a substantial risk of harm of being paralyzed for life," he offers nothing beyond his own opinion to show that such a substantial risk in fact existed, much less that Officer Dewberry had actual knowledge of this risk but disregarded it. *Farmer*, 511 U.S. at 838. As the Magistrate Judge observed, Cannon does not allege any specific facts showing he suffered any injury at all as a result of Officer Dewberry's actions, nor that he faced any future risk as a result of this single incident. Cannon's objections are without merit.

**V. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review,

the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 26) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendant's motion to dismiss (docket no. 20) is **GRANTED** and the above-styled civil action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED March 19, 2019.**

_____
Ron Clark, Senior District Judge